IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-17880-REB-MEH (MDL Docket No. 1788)

IN RE QWEST COMMUNICATIONS INTERNATIONAL, INC., SECURITIES AND
"ERISA" LITIGATION (NO. II)

---

**RECOMMENDATION ON MOTION TO LIFT STAY OF DISCOVERY AND FOR
ENTRY OF DISCOVERY COORDINATION ORDER**

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Qwest's Motion for (1) Lifting of PSLRA Discovery Stay as to

All Parties Except Defendants Wilks and Jacobsen, and (2) Entry of Discovery Coordination Order

[Doc #81].  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has

been referred to this Court for recommendation.  The Court recommends that, for the reasons stated

herein, the Motion be **granted in part and denied in part**.[1]

## BACKGROUND

Upon Motion by Defendant Qwest, this action was instituted by the Multi-District Litigation

Panel on August 16, 2006.  The panel consolidated four related actions in California, New York,

---

[1]Be advised that all parties shall have ten (10) days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or
recommendations to which the objections are being made.  The District Court need not consider
frivolous, conclusive or general objections.  A party's failure to file such written objections to
proposed findings and recommendations contained in this report may bar the party from a de novo
determination by the District Judge of the proposed findings and recommendations. *United States
v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file
written objections to the proposed findings and recommendations within ten (10) days after being
served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate
Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);
*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d
1159, 1164 (10th Cir. 1986).

Pennsylvania, and Colorado, with the pending consolidated securities litigation in Colorado, under the direction of the Honorable Robert E. Blackburn.  Subsequently, on April 17, 2007, the Court consolidated a fifth related case from New York into the current action [doc #42].  Then, on April 26, 2007, the Court consolidated a sixth related case from Colorado into the current action [doc #50]. The within Motion, approved by all parties ("Moving Parties") except Defendants Lewis Wilks and Stephen Jacobsen, was filed by Qwest on June 29, 2007 [doc #81].  Defendants Wilks and Jacobsen (collectively "Opposing Defendants") filed a Response opposing the Motion on July 10, 2007 [doc #87].  The matter was fully briefed on July 17, 2007 with a Reply filed by Qwest [doc #88].

In support of the Motion, the Moving Parties assert that this consolidated action is one of many private civil lawsuits, proceeding both in and outside of Colorado, which involve "enormous" and substantially over-lapping pre-trial discovery that is currently underway. [Motion at 2.] The Moving Parties claim that all private cases, save the within action, are currently subject to a Discovery Coordination Order issued by United States Magistrate Judge Craig Shaffer in January 2005.  [*Id.*] The Moving Parties request that the Court lift the automatic stay of discovery established by the Private Securities Litigation Reform Act ("PSLRA"), and subject the parties in this action, except for Defendants Wilks and Jacobsen, to the Discovery Coordination Order (as amended).  [*Id.* at 4.] The Moving Parties maintain that the proposed discovery "extends only to those defendants who wish for the stay to be lifted," and that the plaintiffs "seek only (a) documents already produced to numerous parties under the Discovery Coordination Order, and (b) participation in the coordinated Qwest depositions that are currently proceeding." [Reply at 2.] The Moving Parties contend that lifting the stay would prevent "undue prejudice" to them in the form of a significant financial burden associated with bifurcated discovery, as well as business disruption with the potential duplication of numerous Qwest employee depositions. [*Id.* at 3-4.]

2

In response, Opposing Defendants assert that, in the previous consolidated case, *In re Qwest Communications International, Inc. Securities Litgation I ("In re Qwest I")*, Civil Action No. 01-cv-01451-REB-CBS, they were voluntarily dismissed from the action on October 15, 2004, after being re-named as defendants in a Fifth Amended Complaint [Response at 3; *see also* doc #518]. Wilks and Jacobsen have been brought into the current action as named Defendants in the newly consolidated cases.[2]   [*Id.*] Opposing Defendants state that they have moved to dismiss two of the consolidated cases from New York before the cases were transferred to this district and will be filing motions to dismiss all claims in this action in accordance with the coordinated briefing schedule.[3] [*Id.*] The briefing schedule provides that dispositive motions must be filed on or before August 3, 2007 [doc #82].[4]   Opposing Defendants declare that the claims brought against them in this action "essentially mirror" those brought against them in the *In re Qwest I* case (as set forth in the Fourth Amended Complaint), which were dismissed by Judge Blackburn in 2004. [Response at 10.] Opposing Defendants claim that lifting the stay in this case would be improper because the discovery

---

[2]Opposing Defendants encourage this Court to adopt the rationale of Magistrate Judge Shaffer in his Order Concerning Defendants' Motions to Stay issued in the *In re Qwest Litig. I* case on April 22, 2004. [Response at 4.]  Judge Shaffer granted the motions to enforce the PSLRA stay as to all defendants in the case.  However, unlike this circumstance, discovery had not yet begun in the case and the defendants there did not join with the plaintiffs in opposing the motions to enforce the stay.  In addition, Judge Shaffer's order was premised on the fact that several defendants, including Wilks and Jacobsen, had been dismissed from the litigation, then were re-named or newly named as defendants in a Fifth Amended Complaint. [Response, Exh. 1 at 2.]  Judge Shaffer opined that, due to the plaintiffs' "tactical decision to join new Defendants and renew their pursuit of Defendants Jacobsen, . . . and Wilks," he would follow the rationale underlying the PSLRA and refrain from imposing any increased costs of bifurcated discovery at that time. [*Id.* at 11.]  Such is not the case here.

[3]Courts have held that the automatic stay provision of the PSLRA is triggered by the mere indication by defense of its intention to file a motion to dismiss. *See In re Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp.2d 676, 683 (D. Md. 2000).

[4]Motions to dismiss were, in fact, filed by the deadline.

sought is not sufficiently particularized and is not necessary to prevent undue prejudice to the Moving Parties. [Response at 7-8.]

## DISCUSSION

The Private Securities Litigation Reform Act ("PSLRA") provides that, "[i]n any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B).[5]  While this mechanism was established to "discourage frivolous litigation" [H.R. Conf. Rep. 104-369 (1995)], courts have found that it may also have the effect of discouraging non-frivolous litigation.  *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001).  As stated by the Sixth Circuit:

> [T]he Reform Act would hardly serve its purpose "to protect investors and to maintain confidence in the securities markets" [citations omitted] were it to become a choke-point for meritorious claims. The danger of muzzling [the parties] is enhanced by the stay provisions of the PSLRA, which authorize suspension of all discovery pending a motion to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).

*Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir. 2001).

While this Court certainly is not opining as to the merits of the claims brought against Defendants in this matter, it does recognize that stays of discovery are not appropriate in *all* securities litigation cases.  *See, e.g., In re Fannie Mae Sec. Litig.*, 362 F. Supp.2d 37, 39 (D. D.C. 2005) (recognizing unfair prejudice where defendants would be unfairly shielded from liability in the absence of requested discovery); *accord Vacold LLC v. Cerami*, 2001 WL 167704, *6 (S.D. N.Y. Feb. 16, 2001).  That is, while the PSLRA's primary purposes are to "prevent plaintiffs from filing frivolous

---

[5]None of the parties argue whether the evidence preservation exception is applicable in this matter; therefore, the Court will not address it.

securities class actions in the hope that corporate defendants will settle those actions rather than bear the high cost of discovery," and to "prevent plaintiffs from filing securities fraud lawsuits as a vehicle to conduct discovery in the hopes of finding sustainable claims not alleged in the complaint" [S. Rep. No. 104-98 at 14 (1995)], the Act will readily allow particularized discovery under circumstances where undue prejudice may inure to the party requesting the discovery.

A.      The PSLRA's Primary Purposes

It is important to note that, unlike hundreds of cases across the country addressing motions to lift PSLRA stays, the numerous parties moving to proceed with discovery in this case are *both* plaintiffs *and* defendants (except, of course, for two of the sixteen defendants, Wilks and Jacobsen). This fact alone contradicts any argument that the Plaintiffs' purposes in filing the within litigation are "with the hope" that all Defendants will settle rather than bear the costs of discovery, or that Plaintiffs will find "sustainable claims not alleged in the complaint."  If the Moving Defendants here were in fear that the Plaintiffs had such improper motives, then these Defendants would be free to advocate for a stay of discovery, or, at least, object to any request by the Plaintiffs to lift the automatic stay. Rather, in this instance, the Moving Defendants have waived their rights to enforce a stay under the PSLRA and have joined with the Plaintiffs in requesting that the stay be lifted. [Motion at 1.] Consequently, the Moving Parties' request to lift the automatic stay of discovery does not contravene the purposes of the PSLRA.

B.      Particularity Requirement

Opposing Defendants argue that the discovery sought by the Moving Parties is not sufficiently particularized under the PSLRA. [Response at 7-8.]  The Moving Parties reply that the discovery sought in this matter extends only to Defendants who have waived their PSLRA rights to stay discovery, and that the Plaintiffs will seek only those documents already produced in related cases

and participation in depositions already underway. [Reply at 2.]   Because the Moving Parties'
production request involves a clearly defined "universe of documents," which have been "already
produced in connection with other identified proceedings," the request is particularized in accordance
with the PSLRA.   *See In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp.2d 301, 306 (S.D.N.Y. 2002).
In the same manner, discovery through deposition testimony in this action is requested only for those
depositions already proceeding in related cases.   Finally, the discovery is requested only of those
defendants willing to waive their rights to the PSLRA stay; in fact, the Moving Parties' proposed
Discovery Coordination Order specifically exempts Opposing Defendants Wilks and Jacobsen.   Under
these circumstances, the Court finds that the discovery requested by the Moving Parties is sufficiently
particularized within the strictures of the PSLRA.

C.      Prevention of Undue Prejudice

        The PSLRA specifically states that discovery is automatically stayed upon a motion to
dismiss, "unless the court finds upon motion of any party that particularized discovery is necessary
. . . to prevent undue prejudice to *that party*."   15 U.S.C. § 78u-4(b)(3)(B) (2007) (emphasis added).
In other words, the parties seeking discovery have the burden to show that a removal of the stay of
discovery is needed to prevent undue prejudice to them.   *See In re Odyssey Healthcare Inc. Sec.
Litig.,* 2005 WL 1539229, *2 (N.D. Tex. June 10, 2005).   Thus, the question before this Court is
whether the Moving Parties in this case will suffer "undue prejudice" if discovery is stayed until the
outcome of the two Opposing Defendants' motion to dismiss.

        "Undue prejudice" means "improper or unfair detriment." *Medical Imaging Ctrs. of America,
Inc. v. Lichtenstein,* 917 F. Supp. 717, 720 (S.D. Cal.1996).   It is "prejudice that is improper or unfair
under the circumstances." *In re CFS-Related Sec. Fraud Litig.,* 179 F. Supp.2d 1260, 1265 (N.D.
Okla. 2001).

The Moving Parties claim that lifting the stay in this matter is necessary to prevent significant financial burden associated with bifurcated discovery, as well as attendant business disruption with the potential duplication of numerous depositions.[6] [Reply at 3-4.] The Parties, recognizing the enormity of the discovery in this and related matters, are working together to ensure the efficient and speedy promulgation of discovery in this matter.  In light of this and the primary purpose of the PSLRA to prevent "unnecessary imposition of discovery costs on defendants," *see SG Cowen Sec. Corp. v. United States Dist. Ct.*, 189 F.3d 909, 911 (9th Cir. 1999), as well as the willingness of multiple courts to consider any such burden on defendants in ruling on motions to lift PSLRA stays of discovery, *see, e.g., In re WorldCom*, 234 F. Supp.2d at 306; *Singer v. Nicor, Inc.*, 2003 WL 22013905, *2 (N.D. Ill. Apr. 23, 2003); *In re Firstenergy Corp. Sec. Litig.*, 316 F. Supp.2d 581, 592-93 (N.D. Ohio 2004); *In re LaBranche Sec. Litig.*, 333 F. Supp.2d 178, 183 (S.D. N.Y. 2004), this Court finds that the Moving Parties would suffer undue prejudice, as contemplated by the PSLRA, if the discovery they seek is stayed pending a ruling on a motion to dismiss filed by two of the sixteen listed defendants.  Therefore, because the Moving Parties have requested particularized discovery in an effort to prevent undue prejudice to them, pursuant to the protections of the PSLRA, this Court recommends that the District Court grant the within Motion to Lift Stay of Discovery.

---

[6]Opposing Defendants counter, saying that allowing the Moving Parties to proceed with discovery will impose an undue burden of time on them (costs will be paid by Qwest), since they will be required to participate in the discovery process to "protect their interests." [Response at 12.]  At the same time, Opposing Defendants declare that the claims brought against them in this action "essentially mirror" those that were dismissed by Judge Blackburn as "insufficient as a matter of law" in the *In re Qwest I* litigation. [*Id.* at 10.]  If the Opposing Defendants are correct that the claims in this action will likely be dismissed by Judge Blackburn, then such "burden of time" would not seem as "enormous" as they profess.

D.      Discovery Coordination Order

The Moving Parties request entry of a proposed Discovery Coordination Order, which was filed as an attachment to the Motion on July 2, 2007, and which incorporates, with certain exceptions, an *Order Providing for Coordinated Discovery with Parallel Qwest Litigations*, as well as a *First Amended Protective Order Concerning Discovery*, both issued by Magistrate Judge Shaffer in *In re Qwest Litig. I* in 2005.   However, the proposed Discovery Coordination Order fails to address or make exceptions for the deposition schedule set forth in the *Order Providing for Coordinated Discovery*, which lists dates in the year 2005.  Such information is confusing and irrelevant to the within action.  Moreover, the proposed Order provides no dates or schedule by which to coordinate depositions in this matter.  Perhaps such omission is due to the fact that the only oral discovery requested here is of depositions currently proceeding in related matters.  If such is the case, however, the parties in this litigation must have some mechanism by which to attain their goal of coordinating depositions in an efficient and less costly manner.  As such, this Court recommends that the District Court deny the Motion for Entry of the Proposed Discovery Coordination Order without prejudice, and allow the Moving Parties to re-file their Motion in accordance with this Order.

## CONCLUSION

Accordingly, and based on the foregoing, it is hereby **recommended** that the Motion for (1) Lifting of PSLRA Discovery Stay as to All Parties Except Defendants Wilks and Jacobsen, and (2) Entry of Discovery Coordination Order [filed June 29, 2007; Docket #81] be **granted in part and denied (without prejudice) in part**, as set forth in this Report and Recommendation.

Dated at Denver, Colorado, this 7th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge