**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Master Docket No. 06-cv-17880-REB-MEH (MDL Docket No. 1788)

In re QWEST COMMUNICATIONS INTERNATIONAL INC. SECURITIES AND "ERISA" LITIGATION (no. II)

**ORDER ADOPTING DISCOVERY COORDINATION ORDER**

WHEREAS, the Court and parties desire to minimize the burden on the federal and state courts and to avoid the unnecessary expenditure of time, effort and expense by the parties, courts, and witnesses associated with duplicative discovery; and

WHEREAS, subject to entry of this Order, with the exception of Defendants Lewis O. Wilks and Stephen M. Jacobsen,[1] all defendants in the above-captioned matter have agreed to waive their discovery stay rights under the Private Securities Litigation Reform Act of 1995. *See* 15 U.S.C. § 78u-4(b)(3)(B) (staying "all discovery and other proceedings" until after motions to dismiss resolved).

It is hereby ORDERED that:

1. The January 27, 2005 *Order Providing for Coordinated Discovery With Parallel Qwest Litigations* entered in *In re Qwest Communications International Inc. Securities Litigation*, Civil Action No. 01-CV-1451-REB-PAC (Docket #560) ("Discovery Coordination Order"), is hereby adopted in the above-captioned action except as set forth in this Order.  (A

---

[1] Defendants Lewis O. Wilks and Stephen M. Jacobsen (collectively "Wilks/Jacobsen") shall be excepted in all respects from this Order.  Plaintiffs shall not use discovery obtained during the pendency of Wilks/Jacobsen's current motion to dismiss in connection with an amended complaint against those Defendants.

copy of the Discovery Coordination Order is attached as Exhibit A.)

2.      For any Qwest Common Deposition[2] at which counsel for the Denver Employees' Retirement System, the Fire and Police Pension Association of Colorado, Merrill Lynch Master Basic Trust Fund, et al., the New York State Common Retirement Fund, the San Francisco Employees' Retirement System, and the Pennsylvania Public School Employees' Retirement System (the 'IRQ II Plaintiffs") is not the Lead Questioner,[3] the IRQ II Plaintiffs shall collectively be entitled to two hours of incremental examination following the plaintiff-examinations conducted pursuant to Paragraph 23 of the Discovery Coordination Order.  For any deposition whose time limits are increased beyond the presumptive limit, the IRQ II Plaintiffs shall receive additional incremental time equal to that provided to the State Coordinated Qwest Action Plaintiffs provided by Paragraph 23 of the Discovery Coordination Order.

3.      The first sentence of Paragraph 28 of the Discovery Coordination Order shall not apply to the above-captioned action.  The IRQ II Plaintiffs shall be treated the same as the Federal Opt-Out Plaintiffs with respect to the remainder of Paragraph 28.

4.      With respect to deposition discovery, Plaintiffs in the above-captioned action shall only participate in those depositions otherwise proceeding in the Coordinated Qwest Actions and, thus, to the extent that the deadlines set forth in Paragraphs 9-12 of the Discovery Coordination Order have expired, such expiration shall not impact coordination between the

---

[2] Except as defined herein, capitalized terms in this Order shall have the same meaning as in the Discovery Coordination Order.

[3] Notwithstanding Paragraph 19 of the Discovery Coordination Order, the IRQ II Plaintiffs reserve the right to seek to be the Lead Questioner at one or more of the Qwest Common Depositions either through agreement with Lead Counsel or through application to the Court.  In the event that one of the counsel for IRQ II Plaintiffs is the Lead Questioner, the two-hour incremental time provided for under Paragraph 2 of this Order shall not apply.

above-captioned action and the Coordinated Qwest Actions.

5. Discovery coordination shall be achieved according to the terms of the Discovery Coordination Order, including, for purposes of scheduling depositions, that the Lead Questioner for a deposition shall issue the notice for the deposition more than 30 days before the time it states for taking the deposition. Discovery Coordination Order ¶ 15. Other parties to the Coordinated Qwest Actions, including the parties to the above-captioned action, shall be entitled to participate through counsel at such deposition according to the terms of the Discovery Coordination Order, as modified by this Order. *See* Discovery Coordination Order ¶ 18. Further, with respect to timing of depositions, deposition scheduling shall continue to be coordinated with the parallel proceeding, *Securities & Exchange Commission v. Nacchio et al., Civil Action No. 05-cv-00480-MSK-CBS*, where the court has established a September 15, 2008 deadline for fact discovery.

6. The November 29, 2005 Confidentiality Stipulation and Protective Order (Docket #893) in *In re Qwest Communications International Inc. Securities Litigation*, Civil Action No. 01-CV-1451-REB-PAC shall be operative in this case.

7. The IRQ II Plaintiffs shall serve their initial disclosures under Fed. R. Civ. P. 26(a) 30 days following entry of this order.

Dated at Denver, Colorado, this 14th day of August, 2007.

BY THE COURT:

s/ Michael E. Hegarty  
Michael E. Hegarty  
United States Magistrate Judge