IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-17880-REB-MEH (MDL Docket No. 1788)

IN RE QWEST COMMUNICATIONS INTERNATIONAL, INC., SECURITIES AND "ERISA" LITIGATION (NO. II)

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, August 5, 2008.**

Pending before the Court is a Motion for Reconsideration and Clarification, Motion to Intervene as Plaintiff and Motion to Amend Complaint filed by a *pro se* prisoner, Jonathan Lee Riches [filed July 29, 2008; doc #157]. The Court construes the pleading as a motion for permissive intervention under Fed. R. Civ. P. 24(b)(1). Mr. Riches asserts that he used equipment owned by Qwest Communications to perform identity theft and calling card fraud, and that, although he alerted Qwest officials of the "loopholes" in its system, Qwest failed to correct the problems that allegedly "caused shareholders to lose millions." Mr. Riches does not assert an injury that he himself has suffered, and therefore, has no standing to make a claim in this case. *See Bronson v. Swenson*, 500 F.3d 1099, 1106 (10th Cir. 2007) (holding that a plaintiff bears the burden of demonstrating an "injury in fact" that is concrete, particularized, and actual - not conjectural or hypothetical). Therefore, the motion is **denied** for failure to demonstrate a claim that "shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B) (2008).